**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1271**

ALAN PITTS; SENECA NICHOLSON-PITTS,

Plaintiffs - Appellants,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
ATLANTA HOME OWNERSHIP CENTER; JENNIFER HARRY; HMB, INC.;
DANNY BRIAN; HAMILTON BARKSDALE; ROBERT SCOTT; O'BRIAN LAW
FIRM; KERMIT THOMSON; FAYE THOMPSON; SUBSTITUTE TRUSTEE,
INC.; SUSAN BENOIT; LORI ANN RENN; CYNTHIA ABBOTT; VANCE
COUNTY REGISTER OF DEEDS; INVESTOR'S TITLE COMPANY;
LAWYER'S MUTUAL; WAYNE STEPHENSON; THE LAW FIRM OF
HUTCHENS, SENTER & BRITTON, PA; RICHARD D. MEADOR; DONALD
W. GUPTON; DONALD SCOTT CARROLL; THREE JOHN DOE WHITE MALES
RESIDING AT 908 CROSS CREEK RD. HENDERSON, NC; CAPITAL
MORTGAGE CORPORATION; CHASE MANHATTAN MORTGAGE CORPORATION;
CHASE HOME FINANCIAL, LLC; VANCE COUNTY CLERK OF THE
SUPERIOR COURT; RESPONSIBLE MEMBERS OF NORTH CAROLINA BAR
ASSOCIATION; JENNIFER A. PORTER; RONALD G. BAKER, SR.;
SHERRY PENDERGRASS ROSS; ROCKY ROSS,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge. (5:12-cv-00072-D)

Submitted: October 28, 2013          Decided: November 5, 2013

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan Pitts, Seneca Nicholson-Pitts, Appellants Pro Se. Matthew Fesak, Assistant United States Attorney, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; Paul J. Stainback, Henderson, North Carolina; James Scott Flowers, HUTCHENS, SENTER & BRITTON, Fayetteville, North Carolina; James K. Pendergrass, Jr., PENDERGRASS LAW FIRM, Raleigh, North Carolina; Julie Baxter Bradburn, Kristen Yarbrough Riggs, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Raleigh, North Carolina; Ronald H. Garber, BOXLEY, BOLTON, GARBER & HAYWOOD, LLP, Raleigh, North Carolina; Grady L. Balentine, Jr., Special Deputy Attorney General, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Pitts and Seneca Nicholson-Pitts (collectively, "Pitts") appeal the district court's order dismissing their civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1962(c)-(d), 1964(c) (2006), 42 U.S.C. §§ 1981, 1983, and 1985(3), the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19 (2006), and North Carolina state law. We affirm.

The district court granted a motion for summary judgment and the motions to dismiss filed by various Defendants on the basis that Pitts' claims under federal law were subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. Pitts challenges this ruling on appeal. We review a district court's dismissal under Rule 12(b)(6) de novo, "assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient "to raise a right to relief above the speculative level, thereby nudging [the plaintiffs'] claims across the line from conceivable to plausible." Id. (internal quotation marks and alteration omitted).

Pitts' allegations fail to state a plausible claim for relief under the RICO Act because he did not allege facts

3

sufficient to show that the Defendants identified engaged in or conspired to engage in a pattern of racketeering activity. See US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317 (4th Cir. 2010) (listing the elements of a civil claim under the RICO Act); Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians, 155 F.3d 500, 505 (4th Cir. 1998) (addressing the showing needed to meet the "pattern" requirement); Menasco, Inc. v. Wasserman, 886 F.2d 681, 683-84 (4th Cir. 1989) (noting that the predicates alleged must amount to or pose a threat of continued criminal activity and that the circumstances of the fraudulent acts that form an alleged pattern of racketeering activity must be pled with specificity).

Pitts also invoked 42 U.S.C. §§ 1981, 1983, and 1985(3) as bases for relief. Pitts' allegations, however, fail to state a plausible claim for relief under § 1981 because he did not allege facts sufficient to show that the Defendants identified intentionally discriminated against him on the basis of race concerning any of the activities enumerated in 42 U.S.C. § 1981(a)-(b). See Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999) (noting that a § 1981 action must be "founded on purposeful, racially discriminatory actions"); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam) (listing the elements of a claim for relief under § 1981).

4

We conclude that Pitts' allegations fail to state a plausible basis for relief under § 1983. As to Defendants Cynthia Abbott, the Vance Country Register of Deeds, the Vance County Clerk of the Superior Court, Investors Title Insurance Company, HMB Inc., Substitute Trustee Inc., Hamilton Barksdale, Danny Brian, Susan Benoit, and Lori Renn, the complaint does not allege facts establishing any basis for concluding these Defendants deprived Pitts of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (listing the elements of a claim for relief under § 1983). As to Defendants O'Brian Law Firm, Robert Scott, and the "Three John Doe White Males," the complaint does not allege facts establishing any basis for concluding that these Defendants took action fairly attributable to the state. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (noting that the deeds of ostensibly private organizations and individuals may be treated as having occurred under color of state law for purposes of § 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself" (internal quotation marks omitted)).

We conclude that Pitts' allegations also fail to state a plausible basis for relief under § 1985(3). Pitts did not

5

allege facts sufficient to show the existence of a meeting of the minds between or among the identified Defendants to deprive him of his right to equal enjoyment of rights secured by all. See Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009) (listing the elements of a civil conspiracy claim under § 1985(3)); Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (noting that conclusory allegations of a conspiracy are insufficient to support a § 1985(3) claim). We conclude further that Pitts' allegations fail to state any plausible basis for relief under the FHA, as they amount to no more than legal conclusions that certain Defendants violated his right to fair housing.

We also note that Pitts' informal appellate briefs do not present specific arguments challenging as error the district court's rulings declining to exercise supplemental jurisdiction over his claims under state law and dismissing those claims without prejudice once it determined that he failed to state claims for relief under the federal statutes invoked. Accordingly, Pitts has forfeited appellate review of these rulings. 4th Cir. R. 34(b); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004).

Finally, Pitts claims on appeal that the district court erred in dismissing his case without holding an

6

evidentiary hearing and in granting the motion for summary judgment before he had an opportunity to respond to it. Pitts, however, does not explain why or how the district court's failure to hold an evidentiary hearing warrants vacautur of its judgment. Moreover, although the district court dismissed Pitts' action four days before the expiration of the twenty-one-day period under the court's local rules for filing a response to the summary judgment motion, we conclude that any error in this regard was harmless within the meaning of Fed. R. Civ. P. 61 (directing courts to "disregard all errors and defects" in a proceeding that do not "affect any party's substantial rights"), as Pitts does not explain how he was prejudiced by the court's timeframe.

Accordingly, although we grant leave to proceed in forma pauperis and grant Pitts' motion seeking leave to file his reply brief out of time, we affirm the district court's judgment. We deny Pitts' motion to schedule oral argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7